UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WAYNE A. JOHNSON and
JOHN G. PARKES,

       Plaintiffs,

v.                             **MEMORANDUM & ORDER**
                              Civil File No. 13-2945 (MJD/FLN)

ST. PAUL PLUMBING & HEATING CO.
and DAVID L. SMITH,

       Defendants.

Stephen J. Snyder and Craig A. Brandt, Snyder & Brandt, P.A., Counsel for Plaintiffs.

Anna R. Hickman, Nora R. Kaitfors, and V. John Ella, Jackson Lewis P.C., Counsel for Defendants.

## I. INTRODUCTION

This matter is before the Court on Defendants' Motion for Partial Summary Judgment. [Docket No. 53] For the reasons set forth below, the Court grants Defendants' motion and dismisses claims against Defendant David L. Smith as alleged in Count IV of the Amended Complaint.

## II.  BACKGROUND

### A.  Factual Background

Defendant David Smith is the sole owner of Defendant St. Paul Plumbing & Heating Co. ("SPPH").  ([Docket No. 56] Affidavit of V. John Ella in Support of Defendants' Motion for Partial Summary Judgment ("Ella Aff."), Ex. 1, Deposition of David L. Smith ("Smith Dep.") 7.)  Plaintiff Wayne Johnson was employed by SPPH as the General Manager from 2005 until April 29, 2013, when he was fired by Smith.  (Ella Aff., Ex. 2, Deposition of Wayne Johnson ("Johnson Dep.") 14, 221.)

In 2011, SPPH's independent investigator found that Johnson was responsible for inappropriate sexual banter with female employees.  (Johnson Dep. 53-55.)  SPPH and Johnson, individually, were sued for sexual harassment.  (Id. 81-83.)  The lawsuit was settled, but Smith and Johnson were on bad terms after that time.  (See, e.g., Smith Dep. 88, 222-23; Ella Aff., Exs. 3 and 4.)  Smith asserts that he started to seek a replacement for Johnson.  (Smith Dep. 121-25.)

On February 21, 2013, Johnson invited Smith to attend an interview with Thomas O'Gara, a candidate for a Service Manager position.  (Ella Aff., Ex. 5.)  Smith claims that, as an absentee owner, he was not interested in interviewing any Service Manager candidates and did not interview any of them.  (Smith Dep.

2

174, 177, 179.)  He asserts that he has no memory of O'Gara.  (Id. 167.)  On the other hand, Johnson asserts that Smith told him that O'Gara was "too old" for the Service Manager position and instructed Johnson to cancel the interview.  (Johnson Dep. 164-66.)

Johnson recommended Andy Ryan, who was the Sales and Service Manager at Genz-Ryan, an SPPH competitor, to Smith as a candidate for the Service Manager position.  (Johnson Dep. 193-97; Ella Aff., Ex. 6, Deposition of Andrew Ryan ("Ryan Dep.") 133.)  Ryan's position at Genz-Ryan included many of the same responsibilities performed by the SPPH General Manager.  (Ryan Dep. 139, 141.)

Ryan sought an introduction to Smith through Smith's close friend, Tom Fee, to inform Smith that Ryan was leaving Genz Ryan and with the goal of, eventually, being hired as the General Manager at SPPH.  (Smith Dep. 117; Ryan Dep. 30-31.)  Smith communicated with Ryan in late March or early April 2013 to discuss Ryan becoming the General Manager at SPPH.  (Ella Aff., Ex. 3; Smith Dep. 18-19.)

In mid-April 2013, Smith offered Ryan, then age 29, the General Manager position.  (Ryan Dep. 18-19; Ella Aff., Ex. 3.)  Johnson was 48 at the time.

([Docket No. 59] Affidavit of Craig A. Brandt in Support of Plaintiff Wayne A. Johnson's Memorandum of Law in Opposition to Defendants' Motion for Partial Summary Judgment ("Brandt Aff."), Ex. 3.)

On April 12, 2013, Johnson interviewed Plaintiff John Parkes for the Service Manager position. (Johnson Dep. 186-87.) According to Johnson, he told Smith that he would like to set up a second interview with Parkes. (Id. 172-73, 187.) Smith asked for Parkes' age. (Id. 172.) Johnson stated that Parkes was in his 50s, and Smith responded that he was not interested in hiring someone that old. (Id.)

On April 29, 2013, Smith terminated Johnson. (Johnson Dep. 221; Brandt Aff., Ex. 3.) Ultimately, in April 2014, Steve France was offered the Service Manager job. (Brandt Aff., Ex. 7.)

### B. Procedural History

On October 25, 2013, Johnson filed a Complaint against SPPH and Smith. [Docket No. 1] On April 21, 2014, Johnson and Parkes filed an Amended Complaint against SPPH and Smith. [Docket No. 28] The Amended Complaint asserts: Count I—Age Discrimination in Violation of the Age Discrimination in Employment Act (by Johnson against SPPH); Count II—Age Discrimination in Violation of the Minnesota Human Rights Act ("MHRA") (by Johnson against

SPPH); Count III—Minnesota Statute Section 181.81 (by Johnson against SPPH); Count IV—MHRA Obstruction (by Johnson against SPPH and Smith); Count V—Age Discrimination in Violation of the Age Discrimination in Employment Act (by Parkes against SPPH); and Count VI—Age Discrimination in Violation of the MHRA (by Parkes against SPPH).  Count 4 is the only claim asserted against Smith.

In August 2014, Defendants filed the present motion for partial summary judgment seeking to dismiss Count IV, obstruction under the MHRA, against Defendant Smith, individually.

## III.  DISCUSSION

### A.  Summary Judgment Standard

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  The party seeking summary judgment bears the burden of showing that there is no disputed issue of material fact.  <u>Celotex</u>, 477 U.S. at 323.  "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case."  <u>Amini v. City of</u>

Minneapolis, 643 F.3d 1068, 1074 (8th Cir. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 252 (1986)).

### B.    Liability under the MHRA Obstruction Statute

Defendants move for partial summary judgment on Count IV of the Amended Complaint on the grounds that Smith, as the sole owner of SPPH and the sole individual accused of workplace misconduct, cannot be held individually liable under the obstruction provision of Minnesota Statutes section 363A.14.  The Court agrees.

MHRA prohibits an "employer" from engaging in "unfair employment practice[s]" prohibited by the act.  Minn. Stat. § 363A.08, subd. 2.  "Employer" is defined as "a person who has one or more employees."  Minn. Stat. § 363A.03, subd. 16.  "Person" includes "partnership, association, corporation, legal representative, trustee, trustee in bankruptcy, receiver, and the state and its departments, agencies, and political subdivisions."  Minn. Stat. § 363A.03, subd. 30.  Generally, individuals cannot be held liable for direct violations of the MHRA.  See Saffari v. St. Cloud State Univ., Civil File No. 13–30 (MJD/LIB), 2014 WL 3955719, at *17 (D. Minn. Aug. 13, 2014) (Davis, C.J.) ("[T]he MHRA and MGDPA claims against [the defendant] in his individual capacity fail because neither statute provides for individual liability.  The MHRA does not impose

6

individual liability for discrimination on supervisors.") (citing <u>Arens v. O'Reilly Auto., Inc.</u>, 874 F. Supp. 2d 805, 807-08 (D. Minn. 2012) (Kyle, J.)).

Johnson's claim against Smith is based on subdivision 3 of Minnesota Statutes section 363A.14.  Section 363A.14 states in full:

> It is an unfair discriminatory practice for any person:
>
> (1) intentionally to aid, abet, incite, compel, or coerce a person to engage in any of the practices forbidden by this chapter;
>
> (2) intentionally to attempt to aid, abet, incite, compel, or coerce a person to engage in any of the practices forbidden by this chapter;
>
> (3) to intentionally obstruct or prevent any person from complying with the provisions of this chapter, or any order issued thereunder, or to resist, prevent, impede, or interfere with the commissioner or any of the commissioner's employees or representatives in the performance of duty under this chapter.

Minn. Stat. § 363A.14.

Defendants argue that Johnson's claim against Smith is precluded by the Minnesota Supreme Court's decision in <u>Rasmussen v. Two Harbors Fish Co.</u>, 832 N.W.2d 790, 800-01 (Minn. 2013), which interpreted the language of subdivision 1 of Minnesota Statutes section 363A.14 dealing with aiding and abetting liability.  In that case, the plaintiff employees sued two businesses for sexual harassment perpetrated by the businesses' sole owner, Brian Zapolski, and also

sued Zapolski individually for aiding and abetting sexual harassment under Minnesota Statutes section 363A.14, subdivision 1.  Id. at 791-92.  Zapolski was alleged to have personally sexually harassed the employees, by inappropriate touching and showing employees pornographic depictions.  Id. at 792.  Zapolski asserted that he could not be individually liable for aiding and abetting because, as the sole owner of the employers and the sole accused perpetrator, the two employers were vicariously liable for his acts.  Id. at 801.  Thus, the employers' liability and his liability were based on the same conduct and "are equivalent."  Id.  The Minnesota legislature, he argued, did not intend to create aiding and abetting liability under those circumstances.  Id.

> The Minnesota Court of Appeals agreed with Zapolski:
>
> Because the corporate entities here are liable under the act only because of their status as "employers," and not because they engaged in any affirmative discriminatory or harassing actions separate from Zapolski's, Zapolski cannot be said to have given substantial assistance or encouragement to them to commit these violations of [the MHRA].  As the only wrongdoer here, Zapolski simply cannot aid and abet his own discriminatory conduct.

Rasmussen v. Two Harbors Fish Co., 817 N.W.2d 189, 202-03 (Minn. Ct. App. 2012).

The Minnesota Supreme Court also agreed.  It noted that holding Zapolski individually liable would "create[] a strange and confusing circularity where the person who has directly perpetrated the harassment only becomes liable through the employer whose liability in turn hinges on the conduct of the direct perpetrator."  Rasmussen, 832 N.W.2d at 801 (citation omitted).  If the employers were vicariously liable based on Zapolski's conduct, holding him liable for aiding and abetting "essentially would reverse this liability pathway, making the [e]mployers the primary wrongdoer, whose wrongdoing Zapolski must have aided and abetted."  Id.

The Minnesota Supreme Court further acknowledged that holding Zapolski liable "would create individual liability for anyone who perpetrates the harassing conduct at issue . . . because an individual can always be said to have substantially assisted in an employer's unfair employment practice when that individual actually perpetrates the conduct that is the basis for the employer's unfair practice."  Id.  Such liability "would be inconsistent with the Legislature's use of the narrower term 'employer' when designating liability for unfair employment practices."  Id.  (citations omitted).  "If the Legislature had intended to create liability for any individual employee who engaged in an unfair

employment practice in the employment setting, it could have done so . . . ." Id. Accordingly, the Minnesota Supreme Court held that the sole owner of an employer, who is also the sole individual accused of workplace misconduct, cannot be held individually liable under subdivision 1 of section 363A.14.

Although Rasmussen only addressed aiding and abetting liability under section 363A.14, the Minnesota Supreme Court's reasoning also applies to obstruction liability. "A standard principle of statutory construction provides that identical words and phrases within the same statute should normally be given the same meaning." Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224, 232 (2007) (citations omitted). "When two statutory provisions employ the same word in close proximity, the normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning carries even greater weight." United States v. Kowal, 527 F.3d 741, 746-47 (8th Cir. 2008) (citations and internal quotation marks omitted). Therefore, the word "person," which appears in the preliminary text of section 363A.14 and in the language of subdivisions 1 and 3, must be given the same meaning. In Rasmussen, the Minnesota Supreme Court expressly held that an owner and sole alleged wrongdoer could not be liable as a "person" under

section 363A.14, subdivision 1.  The same construction applies to obstruction liability under subdivision 3 based on claims that the sole owner of the employer caused the employer to discriminate based on age.

Here, it is undisputed that Smith is the sole owner of SPPH, and that he is the sole individual accused of unlawful obstruction.  (Smith Dep. 7; Johnson Dep. 10; Am. Compl. ¶¶ 14-23.)  Allowing the obstruction claim against Smith to survive would create the same type of circular liability rejected in <u>Rasmussen</u>: Smith would not be directly liable for discrimination, but would be liable by 1) discriminating, which 2) causes SPPH to be vicariously liable for Smith's discrimination, and then 3) Smith is held liable for causing SPPH to discriminate.  Accordingly, Johnson's claim against Smith for violation of Minnesota Statutes section 363A.14, subdivision 3, fails.

Johnson argues that <u>Rasmussen</u> is distinguishable on the facts, because the obstruction claim in this case is not based on Smith's decision to discharge Johnson, but rather on Smith's directive to Johnson to reject qualified job applicants based on their age.  But, Johnson's position is based on a misreading of section 363A.14.  The obstruction subdivision prohibits a "person" from obstructing or preventing "any person from complying with the provisions of

11

this chapter." Minn. Stat. § 363A.14, subd. 3. This language appears to require that the "person" affected by the "person" liable is capable of violating the MHRA, and Johnson cites to no authority to the contrary. Johnson, himself, is incapable of being individually liable for age discrimination under the MHRA because he is not an employer. As the Minnesota Supreme Court noted in Rasmussen, "[i]f the Legislature had intended to create liability for any individual employee who engaged in an unfair employment practice in the employment setting, it could have done so without resorting to a theory of aiding and abetting liability." 832 N.W.2d at 801. The same reasoning applies here, to Johnson's obstruction claim.

Accordingly, based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Partial Summary Judgment [Docket No. 53] is **GRANTED**.

2. Count IV of the Amended Complaint against David L. Smith is **DISMISSED WITH PREJUDICE**.

Dated: December 29, 2014     s/ Michael J. Davis
                             Michael J. Davis
                             Chief Judge
                             United States District Court

12